IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW DAILEY,<br><br>    Defendant. | **MEMORANDUM OPINION AND ORDER DENYING UNITED STATES' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**<br><br>Case No. 2:13-cv-722-DB-DB<br><br>District Judge Dee Benson |

  This matter is before the court on a motion to dismiss Defendant's counterclaim filed by the United States. (Dkt. No. 27). The United States seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that Defendant has failed to file his tort claim against the United States within two years of his alleged injury pursuant to 28 U.S.C. § 2401(b). The court held a hearing on the motion on December 22, 2014. At the hearing, the United States was represented by Jeffrey E. Nelson, Assistant United States Attorney. Defendant was represented by Robert B. Sykes. At the conclusion of the hearing, the court ruled against Defendant with respect to his equitable tolling arguments, and Defendant withdrew his argument that the United States waived its right to object to the counterclaim by failing to oppose his motion for leave to amend. The court took the remainder of the motion under advisement. Since then, the court has further considered the memoranda and other materials submitted by the parties, the oral arguments of counsel, and the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

The parties do not dispute the underlying facts relevant to this motion. This case arises from a motor vehicle accident on June 14, 2012, involving a vehicle driven by a Deputy United States Marshal and a vehicle driven by Defendant. On July 31, 2013, the United States brought suit to recover for damage to the government vehicle. (Dkt. No. 2). Defendant filed his answer on November 22, 2013. (Dkt. No. 8). Defendant's answer did not include a counterclaim or mention any injury suffered by Defendant.

On June 19, 2014, Defendant filed a motion requesting leave to file an amended answer and counterclaim. (Dkt. No. 20). The United States responded to Defendant's motion, stating that it did not oppose the motion to amend and that it did not waive any defense or response to Defendant's counterclaim. (Dkt. No. 22). The court granted Defendant's motion on July 11, 2014. (Dkt. No. 24). Defendant filed his amended answer and counterclaim on July 14, 2014. (Dkt. No. 25). In his counterclaim, Defendant alleges that he suffered injuries as a result of the June 14, 2012 accident. (Counterclaim at 7 ¶ 27). Defendant seeks damages for his alleged injuries pursuant to the Federal Tort Claims Act ("FTCA"). *Id*. at 5-6. The parties agree that Defendant's claim is a compulsory counterclaim under the Federal Rules of Civil Procedure. The parties also agree that Defendant did not file his counterclaim within two years of the motor vehicle accident. The United States moves to dismiss Plaintiff's counterclaim, asserting that it is barred by the FTCA two-year statute of limitations in 28 U.S.C. § 2401(b).

## DISCUSSION

In the absence of a waiver of sovereign immunity, the federal government is immune from suit. *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) (citing *Federal Deposit

*Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). "Through the FTCA, the United States waived its immunity to suits 'for money damages … for injury or loss of property … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment….'" *Dahl*, 319 F.3d at 1228 (citing 28 U.S.C. § 1346(b)(1)). The FTCA "provides the exclusive avenue to bring a tort claim against the United States, notwithstanding other statutes that permit the government to be sued…." *In re Franklin Savings Corp. v. United* States, 385 F.3d 1279, 1287 (10th Cir. 2004). Furthermore, "[t]imeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA…." *Id.*

As originally enacted in 1946, the FTCA's statute of limitations required the claimant to commence litigation within one year after the claim accrued. Legislative Reorganization Act of 1946, Pub. L. 601, 60 Stat. 842 § 420. In the case of claims not exceeding $1,000, the claimant had the option of submitting a claim to the appropriate federal agency within one year, and in that case the claimant was required to initiate litigation within six months after disposition of the claim by the agency or withdrawal of the claim by the claimant. *Id.*

In 1949, Congress amended the FTCA's statute of limitations by extending the time for initiating litigation from one year to two years after the tort claim accrued. Act of April 25, 1949, Ch. 92, 63 Stat. 62, § 1. The 1949 amendment left in place the alternative of submitting a claim to the appropriate agency for claims not exceeding $1,000. In either case, the claimant was required to assert his claim within two years of his injury. The 1949 version of 28 U.S.C. § 2401(b) read as follows:

> A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date

3

of enactment of this amendatory sentence, whichever is later, or unless, if it is a claim not exceeding $1,000, it is presented in writing to the appropriate Federal agency within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later.

In 1966, Congress amended the FTCA's procedure for initiating tort claims against the government. *See* Act of July 18, 1966, Pub. L. No. 89-506, 80 Stat. 306 §2(a). The 1966 amendment created a new requirement that most tort claims should be presented to the appropriate agency prior to the filing of suit. *Id*. However, claims asserted by third-party complaint, cross-claim, or counterclaim were expressly excluded from the pre-litigation agency presentment requirement. *Id.*; 28 U.S.C. § 2675(a).[1] With regard to counterclaims, this exclusion has been interpreted to apply only to compulsory counterclaims. *See, e.g., Kodar, LLC v. United States,* 879 F. Supp. 2d 218, 225-26 (D.R.I. 2012).

Concurrent with the addition of the pre-litigation presentment requirement, Congress also amended the statute of limitations for filing a tort claim against the government. The current version of 28 U.S.C. §2401(b), as amended in 1966, reads as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. Act of July 18, 1966, Pub. L. No. 89-506, 80 Stat. 306 §7.

---

[1] The current version of 18 U.S.C. §2675(a), as amended in 1966, reads, in relevant part, as follows:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency … *The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim*." (emphasis added).

Notably, the language included in the 1949 version of the statute related to the statute of limitations for claims that are not required to be brought before an agency—"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues"—is absent from the 1966 amended version of § 2401(b). However, Section 2401(a) was left untouched. That section provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 18 U.S.C. § 2401(a).

Neither party has provided the court with case law authority dictating what statute of limitations applies where a tort claim is brought as a compulsory counterclaim and is thus not subject to the agency presentment requirement contemplated by § 2401(b), nor has the court been able to find any. The United States, in its brief and in oral argument, cites to the Tenth Circuit's ruling in *In re Franklin Savings Corp.* to support its proposition that § 2401(b) is the limitations period that should be applied here. 385 F.3d at 1287. Taken out of context, the broad dicta of *Franklin Savings* would indeed seem to dictate the result in this case. *See id.* at 1287, 1289 (stating that "[s]ection 2401(b) is the limitations period of the FTCA…" , that "…the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)", and that "[s]ection 2401(b)'s two-year limitation applies to *all* tort claims brought against the United States."). However, given the unique factual situation here—that Defendant is excluded from the presentment requirement contemplated in § 2401(b)—*Franklin Savings* is inapposite.

The facts of *Franklin Savings* are drastically different than those presented here. Franklin Savings Corp. was a debtor in bankruptcy court. *Id.* at 1289. In 1993, Franklin filed a complaint

5

against the Resolution Trust Company ("RTC"), a government agency, in bankruptcy court claiming that the RTC, while acting as a conservator, had negligently failed to protect Franklin's assets in breach of its fiduciary duty. *Id*. at 1284. The district court dismissed the claims because they were barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. *Id.* Following an affirmation of that ruling on appeal, Franklin attempted to bring identical claims again pursuant to Bankruptcy Code §106. *Id.* at 1285. The Tenth Circuit again dismissed Franklin's claims, this time holding that the FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *Id.* at 1286. Franklin did not characterize its claim as a compulsory counterclaim that would be exempt from the agency presentment requirement under § 2675(a), nor did Franklin argue that § 2401(a) provided the appropriate statute of limitations under the circumstances. Such a claim would have been nonsensical, as Franklin had properly presented its claim before an agency eight years prior to the final *Franklin Savings* lawsuit but had failed to begin its court action following the agency's denial of Franklin's claims. *Id*. at 1287. Thus, *Franklin Savings* is so factually distinct from the case at hand that it is not instructive as to what the result should be here.

The other cases cited by the United States are similarly unhelpful in deciding whether 2401(b) properly applies to a compulsory counterclaim that is not subject to the pre-litigation presentment requirement. The United States cites to *United States v. Thrower*, 267 F. Supp. 608 (M.D. Tenn. 1967) and *United States v. Gates Service Corp.*, 145 F. Supp. 109 (E.D.N.Y. 1956) in support of its proposition that "courts have held that claimants who assert their FTCA claims by way of counterclaim are bound by the FTCA's two-year statute of limitations." (Mot. to Dismiss at 4). However, both of these cases applied the pre-1966 version of § 2401(b), which

contained no pre-litigation agency presentment requirement from which compulsory counterclaims are excluded, and which expressly provided a two-year statute of limitations for all tort claims against the government. The United States' submission of such case law in support of its motion is misguided.

Given the lack of case law guidance as to the appropriate statute of limitations for a compulsory counterclaim that is not subject to the agency presentment requirement of the FTCA, the court must "apply settled principles of statutory construction under which [it] must first determine whether the statutory text is plain and unambiguous." *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009). If it is, the court "must apply the statute according to its terms." *Id.*; *See also Dodd v. United States,* 545 U.S. 353, 359 (2005); *Lamie v. United States Trustee,* 540 U.S. 526, 534 (2004); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000); *Caminetti v. United States,* 242 U.S. 470, 485 (1917) ("[i]t is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed…"). Further, the court must "presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992). When the words of a statute are unambiguous, "judicial inquiry is complete." *Rubin v. United States,* 449 U.S. 424, 430 (1981).

Here, the statutory language enacted by Congress is plain and unambiguous. Section 2675(a) requires a claimant to first bring tort claims before the appropriate agency prior to filing suit. That section specifically exempts from the agency presentment requirement "claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or

7

counterclaim." 18 U.S.C. § 2675(a). The parties agree that the exclusion from the pre-litigation agency presentment requirement found in §2675(a) applies to Defendant's counterclaim.

The statutory language of 18 U.S.C. § 2401(b) is similarly plain and unambiguous. On its face, the statute of limitations found in § 2401(b) applies only to claims that must be brought first before an agency and, as discussed above, Defendant's compulsory counterclaim was not such a claim. Accordingly, the plain and unambiguous terms of § 2401(b) do not apply to him.

Furthermore, Congress provided an alternative statute of limitations in subsection (a) of Section 2401 that applies squarely to Defendant's counterclaim. Section 2401(a) provides that "*every* civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 18 U.S.C. § 2401(a)(emphasis added). Defendant's action is civil and commenced against the United States, and thus §2401(a) requires that his claim must be filed within the appointed six year time period.

The United States argues that Congress did not intend to expand the time period for filing compulsory counterclaims when it amended the filing requirements of the FTCA in 1966. However, prior to 1966, Congress provided language specifically addressing the limitations period for claims brought before an agency and those brought directly to court. In 1966, Congress excluded this language from § 2401(b). It is clear Congress is capable of drafting a statute that specifically addresses the limitations period for claims brought first before agencies and those brought first in court, as it had done prior to 1966. In the absence of such language, the court is required to apply the plain and unambiguous statutory language adopted by Congress in 1966. "Congress may amend the statute; [the court] may not." *Griffin v. Oceanic Contractors*,

*Inc.*, 458 U.S. 564, 576 (1982). As such, §2401(b) does not apply to Defendant's counterclaim, and Defendant is bound by the six-year statute of limitations found in §2401(a).

Finally, even if the statute of limitations in §2401 (b) were applicable to Defendant's counterclaim, courts have observed that "the United States in bringing [an FTCA] action submits itself to the jurisdiction of the Court for the determination of all issues that might arise from the accident between the parties involved." *United States v. S. Pac. Co.*, 210 F. Supp. 760, 762 (N.D. Cal. 1962); *United States v. Capital Transit Co.*, 108 F.Supp. 348 (D.D.C.1952). Thus, "when the United States comes into Court and seeks to recover damages to its vehicle sustained in a collision,… it cannot preclude the defendant from asserting a counterclaim for damages arising out of the same accident because the Statute of Limitations has run for the bringing of such action by the defendant." *United States v. Shainfine*, 151 F. Supp. 586, 587 (E.D. Pa. 1957). Here, Defendant seeks damages resulting from the same accident for which the United States has brought claims against him. The court agrees that it "would seem to be contrary to the spirit of the Federal Tort Claims Act" to disallow Defendant's counterclaim here. *Id*. at 587.

## Conclusion

For the reasons stated above, Defendant's counterclaim is not subject to the statute of limitations found in 18 U.S.C. §2401(b), and the United States' motion to dismiss is denied.

IT IS SO ORDERED.

DATED this 23rd day of January, 2015.

BY THE COURT:

_____
Dee Benson
United States District Judge

9